IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| ANTOINE SEALY, | HONORABLE JEROME B. SIMANDLE |
|---|---|
| Plaintiff, | |
| v. | Civil Action No. 16-7996 (JBS/AMD) |
| CAMDEN COUNTY HALL OF JUSTICE, | |
| Defendant. | **MEMORANDUM OPINION** |

**SIMANDLE, District Judge:**

Plaintiff pro se Antoine Sealy ("Plaintiff") filed this 42 U.S.C. § 1983 suit alleging that he was falsely arrested and subjected to excessive force. Since Plaintiff seeks to bring this action in forma pauperis, the Court has an obligation to screen the Complaint under 28 U.S.C. § 1915(e)(2). The Court finds as follows:

1. **Background and Standard of Review.** Plaintiff filed the instant Complaint with an application to proceed in forma pauperis. [Docket Item 1.] Based on the information in Mr. Sealy's financial affidavit, his application to file this matter without prepayment of fees shall be **GRANTED** pursuant to 28 U.S.C. § 1915. The Complaint will be filed with the Clerk of Court.

2. Where a Complaint is filed in forma pauperis under 28 U.S.C. § 1915, the assigned Judge must review the Complaint to

determine whether the case may proceed. Pursuant to Section 1915(e)(2)(B), the Court, upon a preliminary screening, "shall dismiss the case at any time if the court determines that . . . (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The Court also has "a continuing obligation to assess its subject matter jurisdiction" and may "dismiss a suit sua sponte for lack of subject matter jurisdiction at any stage in the proceeding." Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 420 (3d Cir. 2010). The Court draws the facts of this case from the Complaint and, for the purposes of this screening, accepts the factual allegations as true.

3. Pleadings by a person unrepresented by an attorney are to be construed liberally, but "pro se litigants still must allege sufficient facts in their complaints to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted). Nonetheless, any complaint must serve the function of presenting a statement of the grounds upon which relief is sought, which includes alleging facts such as the place and approximate dates of the alleged misconduct on which the claim is based and other facts that would make the claim plausible.

4. In the present case, the Complaint asserts that Plaintiff was "walking down the street from coming from the store and police walked up on [him] and arrested [him] for no reason," and that, while arresting Plaintiff, police slammed him on the floor. (Compl. at 3.) Plaintiff avers that he was injured by the encounter and the police never took him to the hospital after he was arrested. (Id. at 4.) As "relief" - i.e., "what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation" - the Complaint states: "elgal [sic] search, Harassment, injurys [sic], and mental and fisical [sic] abuse." (Id.)

5. **Discussion.** Plaintiff's claims must be dismissed for failure to state a claim upon which relief can be granted for several reasons.

6. Here, the Complaint states that Plaintiff was arrested on Federal Street in Camden, New Jersey on November 15, 2004, but the Complaint does not indicate the outcome of his arrest – for example, whether he was formally charged with and/or convicted of a crime, the status of any appeal, etc. This information is necessary for the Court to determine whether Plaintiff can state a claim upon which relief may be granted. If there are ongoing criminal proceedings in state court, this federal court would be barred from deciding Plaintiff's claims

3

by the Younger doctrine of abstention. See Sprint Comm., Inc. v. Jacobs, 571 U.S. 69, 73 (2013). If, on the other hand, Plaintiff was ultimately convicted of any charges, he may not bring a federal action to challenge the fact or duration of his confinement by means of an action under § 1983; rather he must exhaust his state remedies and then, if appropriate, file a federal habeas application. See Preiser v. Rodriguez, 411 U.S. 475 (1973). Nor can Plaintiff seek relief under § 1983 if this Court's adjudication would call into question the validity of his criminal conviction, unless his conviction first has been overturned on appeal or in state or federal collateral proceedings. See Heck v. Humphrey, 512 U.S. 477 (1994).

7. Moreover, the Complaint does not indicate **who** falsely arrested him, as the only Defendant named in the Complaint is the Camden County Hall of Justice, which is a courthouse, not a person. In other words, the Complaint does not name a proper Defendant, who must be a person acting under color of state law. Plaintiff also does not indicate the relief that he is seeking from this Court, and instead only states the injuries he claims to have suffered on page four of the Complaint. (Compl. at 4.) The Court is, therefore, unable to discern at this time what Plaintiff is asking this Court to do and against whom Plaintiff requests any such relief. Accordingly, the Complaint fails to state a claim upon which relief may be granted.

8. It is also possible that Plaintiff is attempting to state a claim for excessive force by a law enforcement officer in making the arrest. The Complaint, as noted, states that "police walked up on me and arrested me for no reason" and "police slammed me on the floor causing [scrapes] and [bruises]," and that despite the injuries "police never took me to the hospital." (Compl. at 3-4.) To state a claim for excessive force during arrest, in violation of the Fourth Amendment, a plaintiff must have a factual basis to allege that: (1) a law enforcement officer acted intentionally; (2) to apply force in making an arrest; and (3) the use of force was unreasonable under the circumstances that the defendant officer reasonably believed to be true leading up to the arrest. Graham v. Connor, 490 U.S. 386, 395 (1989); Rivas v. City of Passaic, 365 F.3d 181, 198 (3d Cir. 2004). The present Complaint sheds little light on these circumstances. If Plaintiff believes that the officer's use of force was excessive and unreasonable, he may set forth those grounds in an Amended Complaint as described below.

9. **Statute of Limitations: Was This Complaint Untimely?** Under federal law, an individual must file any claim for deprivation of constitutional rights under 42 U.S.C. § 1983 within two years of the occurrence at issue. See Wilson v. Garcia, 471 U.S. 261, 276 (1985); Dique v. New Jersey State

Police, 603 F.3d 181, 185 (3d Cir. 2010). "Claims for false arrest . . . typically accrue on the date of the arrest . . . because, at that point, the plaintiff has reason to know of the injury." Ostuni v. Wa Wa's Mart, 532 F. App'x 110, 112 (3d Cir. 2013) (per curiam) (citing Montgomery v. De Simone, 159 F.3d 120, 126 (3d Cir. 1998)).

10. In this case, the Complaint alleges that the arrest occurred on November 15, 2004. (Compl. at 3.) If this date is correct, the time for filing this Complaint expired on November 15, 2006, and the Complaint is untimely by ten years. If the Complaint is indeed untimely, then it cannot be saved by amendment and no Amended Complaint will be permitted. If the date of arrest in the Complaint is incorrect, then Plaintiff should supply the correct date which must be no earlier than October 28, 2014, which is the date two years prior to Plaintiff's submission of this Complaint.

11. **Leave to Amend**. Because it is not clear that an amendment of this Complaint would be futile, the Court will give Plaintiff an opportunity to file an Amended Complaint curing these deficiencies by supplying the necessary facts. Any Amended Complaint shall be filed within thirty (30) days of the entry of this Memorandum Opinion and accompanying Order and will also be subject to pre-screening under Section 1915.

12. **Conclusion.** For the foregoing reasons, the Complaint may be filed without prepayment of fees pursuant to 28 U.S.C. § 1915. The Complaint will be dismissed without prejudice for failure to state a claim upon which relief may be granted. The Plaintiff will have the opportunity for thirty (30) days from the date this Memorandum Opinion and accompanying Order are entered to file an Amended Complaint that remedies the deficiencies noted. An accompanying Order shall be entered.

**November 26, 2018**             s/ Jerome B. Simandle
Date                                          JEROME B. SIMANDLE
                                               U.S. District Judge